## TITUS v. YOUNG ET AL.

[No. 11,451. Filed December 21, 1922.]

LANDLORD AND TENANT.—*Lease.*—*Breach.*—*Default in Payment of Rent.*—*Possession and Damages for Unlawful Detention.*— Where the rent for leased premises was payable monthly in advance on the first day of each month, and the tenant failed to make tender of the rent until November 8, 1920, which was refused, and the landlord demanded possession *proper*, but the tenant continued to occupy the property until the following June, which was after suit was commenced, but did not, after November, pay or offer to pay rent for the succeeding months, the landlord was entitled to both possession and damages for unlawful detention.

From St. Joseph Superior Court; *Chester R. Montgomery*, Judge.

Action by Ben Titus against Ray Young and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Shively, Gilmer, Arnold & Doran* and *Dudley M. Shively*, for appellant.

NICHOLS, C. J.—This is an appeal from a judgment of the St. Joseph Superior Court for costs rendered against this appellant, as plaintiff, in an action brought by him against appellees for possession of premises, which they had held as tenants of appellant. Appellant's action was predicated on the claim that whereas rent was payable in advance on the first day of every month, appellees failed to pay installments due on November 1, 1920, December 1, 1920, January 1, 1921, and February 1, 1921. The action was commenced in a justice court on a complaint for possession for nonpayment of rent in advance as required by the terms of an oral lease and attornment between the appellant and appellees, and for damages for unlawful detention. After appeal from the justice court the cause was tried by the court below without the intervention of a jury. The

finding and judgment was for appellee. Appellant on the day judgment was rendered moved for a new trial which was overruled January 31, 1922, after which this appeal.

The insufficiency of the evidence to sustain the finding is presented. It appears by the undisputed evidence that the rent for the premises involved was payable monthly in advance on the first day of each month. That in November, 1920, appellee did not make tender of payment until the eighth of the month, that the same was refused, and that appellant demanded possession of the property for nonpayment of the rent according to the terms of the rental agreement. Thereafter, appellee continued to occupy the premises until June 1, 1921, which was after this suit was commenced, when he vacated them. But he did not, after November, pay the rent for the succeeding months, or offer so to do, nor did he pay any money into court to make any tender that he might have made good. Under such circumstances, appellant was entitled not only to the possession which had been surrendered, but to damages for unlawful detention. The finding of the court was not sustained by sufficient evidence.

Judgment reversed, with instruction to grant a new trial.